■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON DOUGLAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered June 6, 1983, convicting him of burglary in the first degree (three counts), rape in the first degree (two counts), sodomy in the first degree (three counts), sexual abuse in the first degree (three counts) and assault in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial, when viewed in the light most favorable to the People, was legally sufficient to support the defendant's conviction. Further, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find no merit to the defendant's claim that the prosecutrix was improperly permitted, on redirect examination, to question a police officer in violation of the general prohibition against impeaching one's own witness *(see,* Richardson, Evidence § 508 [Prince 10th ed]) and that he was thereby deprived of a fair trial. A review of the course of questioning challenged reveals that the prosecutrix did not endeavor to impugn the witness's credibility, but merely sought to elicit the basis for the conclusions and opinions regarding the complainant, to which the officer testified on cross-examination, as well as to disclose, for the jury's consideration, the rather limited nature of the investigation conducted into the victim's complaint, after which she was attacked by the defendant on yet a third occasion. In any event, defense counsel

was permitted, over the People's objection, purportedly to "rehabilitate" the witness by inquiring as to the nature and circumstances surrounding his investigations into other complaints and interviews of other victims and whether he genuinely attempted to assist the complainant herein, thereby counteracting the alleged prejudicial effect of the prosecutrix's questioning.

We have examined the defendant's remaining contentions, including those asserted by the defendant *pro se,* and find them to be without merit. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.